```
 1  EILEEN M. DECKER
    Acting United States Attorney
 2  LAWRENCE MIDDLETON
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  JONATHAN GALATZAN
    Assistant United States Attorney
 6  Asset Forfeiture Section
    California Bar No. 190414
 7     Federal Courthouse, 14th Floor
       312 North Spring Street
 8     Los Angeles, California 90012
       Telephone:  (213) 894-2727
 9     Facsimile:  (213) 894-7177
       E-mail: Jonathan.Galatzan@usdoj.gov
10
    Attorneys for Plaintiff
11  United States of America
```

                    UNITED STATES DISTRICT COURT

                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

                              WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  CV 14-4313 CAS (FFMx) |
| Plaintiff, | |
| vs. | [PROPOSED] **CONSENT JUDGMENT OF FORFEITURE** |
| $71,019.71 SEIZED FROM J.P. MORGAN CHASE BANK ACCOUNT NUMBER XXXXXX6089, ET AL. | |
| Defendants. | |

   Plaintiff and Claimants Jose Figueroa and Lucero Adriana Lara ("Claimants") have made a stipulated request for the entry

1

of this Consent Judgment, resolving this action in its entirety. The defendant assets were seized from Claimants, and they assert an interest in the defendant assets and have filed claims in this case and have answered the complaint. No other claims or answers were filed, and the time for filing claims and answers has expired.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES**:

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. Claimants have filed claims and answers to contest the forfeiture of the defendant assets. No other claims were filed, and the time for filing claims and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant assets. Any potential claimants to the defendant assets other than Claimants are deemed to have admitted the allegations of the complaint with respect to the defendant assets.

2. The following defendant assets shall be returned to Claimants as follows:

   a. $55,474.71, without interest; and

   b. The defendant One 2014 Chevrolet Silverado, Vehicle Identification Number 3GCPCSEC7EG263254.

The United States shall return the above-listed assets in Paragraph 2 not later than 45 days after (a) the court enters

this Consent Judgment and (b) Claimants provide to the government the bank routing and personal identifiers needed to effect a wire transfer of any returned funds, whichever is later.  If the United States elects to make the payment by check, the check will be payable to "Paul L. Gabbert Client Trust Account," and mailed to Jose Figueroa and Lucero Adriana Lara, in care of their attorney, Paul L. Gabbert, Esq. 2115 Main Street, Santa Monica, CA 90405.  If the United States elects to make the payment by wire transfer, the funds will be wire transferred to a "Paul L. Gabbert Client Trust Account."

3. The following assets shall be forfeited to the United States, and no other right, title or interest shall exist therein.  The Government shall dispose of the following according to law:

   a. $55,258.46, with interest;

   b. The defendant One 2006 BMW 650i, Vehicle identification Number WBAEK13426CN80165; and

   c. The defendant 2003 Tracker boat and trailer, Vehicle Identification Number BUJ35979E303.

4. Claimants have agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation, as well as all agents, officers, employees and representatives of any state or local government or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendant assets and/or the commencement of this civil forfeiture action, including, without

limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of Claimants against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise. Claimants have waived any rights they may have to seek remission or mitigation of the forfeiture.

    5.   The court finds that there was reasonable cause for the seizure of the defendant assets and the institution of this action as to the defendant assets. This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the defendant assets.

//

6. Each of the parties shall bear its own fees and costs in connection with the seizure, retention and return of the defendant assets.

DATED: December 1, 2016

_____
THE HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Prepared by:

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Jonathan Galatzan
JONATHAN GALATZAN

Assistant United States Attorney
Asset Forfeiture Section